UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE M. BRAGANCA,<br><br>**Plaintiff,**<br><br>v.<br><br>ARCOBALENO PASTA MACHINES, LLC,<br>ARCOBALENO PASTA MACHINES, INC.,<br>DOMINIONI PUNTO & PASTA SAS, and<br>JOHN DOE, INC.,<br><br>**Defendants.** | Federal Civil Action No. _____<br><br>State Action No. 2010-00359 |

## NOTICE OF REMOVAL

**To the Clerk of the District Court:**

Please take notice that the defendant, ARCOBALENO PASTA MACHINES, LLC, hereby removes to this Court the state action described below, pursuant to 28 U.S.C. §§1441 and 1446. In support of its notice of removal, the defendant states as follows:

1. On or about May 21, 2010, a civil action was commenced in the Superior Court of Barnstable County, Massachusetts, entitled Jose M. Braganca v. Arcobaleno Pasta Machines, LLC, et al, case number 2010-00359. See, Complaint, attached as Exh. A. According to the Barnstable Superior Court docket, the Complaint is the only pleading or document that has been filed in this matter.

2. Counsel for Arcobaleno Pasta Machines, LLC received a copy of the Complaint on August 2, 2010.

3. Removal to the United States District Court for the District of Massachusetts in Boston is appropriate as (1) the United States District Court has original jurisdiction over the action, and (2) the United States District Court for the District of Massachusetts embraces the place, i.e., Barnstable County, where the state action is pending. 28 U.S.C. §1441(a).

4. This court has original jurisdiction based upon the complete diversity of the parties pursuant to 28 U.S.C. §1332, and the action one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(b). Specifically, Plaintiff Jose Braganca, as alleged in the complaint, is presently a resident of Massachusetts. See, Complaint. Defendant Arcobaleno Pasta Machines, LLC is a limited liability company with a principal place of business in Pennsylvania. The Defendant Arcobaleno Pasta Machines, Inc. was a foreign corporation with its principal place of business in Vancouver, British Colombia, Canada. According to the Complaint, Defendant Dominioni Punto & Pasta SAS is a foreign corporation with its principal place of business in Como, Italy.

5. Defendant Dominioni Punto & Pasta SAS has not joined in this Notice of Removal because it has yet to be served with the complaint. Defendant John Doe, Inc. is a fictitious defendant.

6. The Complaint is based on personal injury allegedly suffered by the Plaintiff in connection with his use of a pasta machine. Plaintiff alleges that the defendants negligently and in breach of various warranties designed, manufactured, serviced, inspected, sold, distributed and/or placed the pasta machine in question into the stream of commerce.

7. The amount in controversy exceeds $75,000.00. See, Civil Action Sheet, attached to Complaint, which is attached hereto as Exh. A.

8. Promptly after the filing of this Notice of Removal, a copy of this Notice will be filed with the Clerk of the Superior Court of Barnstable County, and all adverse parties will receive written notice of the filing of this Notice of Removal.

FOR THESE REASONS, Defendant Arcobaleno Pasta Machines, LLC requests that the above action now pending in the Superior Court of Barnstable County, Massachusetts, be removed to this Court.

Respectfully submitted,

The Defendant,
Arcobaleno Pasta Machines, LLC

By its attorneys:

*/s/ Laura G. Ryan*
Joseph H. Aronson, BBO #022070
jaronson@mccormackfirm.com
Laura G. Ryan, BBO #653793
lryan@mccormackfirm.com
The McCormack Firm, LLC
One International Place
Boston, MA 02110
(617) 951-2929

142709.1

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS                                    SUPERIOR COURT DEPARTMENT
                                                  Civil Action No.

JOSE M. BRAGANCA,
    Plaintiff

v.

ARCOBALENO PASTA MACHINES, LLC,
ARCOBALENO PASTA MACHINES, INC.,
DOMINIONI PUNTO & PASTA SAS, and
JOHN DOE, INC.
    Defendants

## COMPLAINT

**PARTIES**

1. The plaintiff, Jose M. Braganca, is a resident of Centerville, Massachusetts.

2. The defendant, Arcobaleno Pasta Machines, LLC, is a duly organized limited liability company with a usual place of business in Lancaster, Pennsylvania which regularly transacts and solicits business and derives revenue from goods and equipment sold, purchased, and used within the Commonwealth of Massachusetts.

3. The defendant, Arcobaleno Pasta Machines, Inc., is a duly organized foreign corporation with a usual place of business in Vancouver, British Columbia, Canada and which regularly transacts and business and derives revenue from goods and equipment sold, purchased, and used within the Commonwealth of Massachusetts.

4. The defendant, Dominioni Punto & Pasta Sas, is a duly organized foreign limited partnership with a usual place of business in Como, Italy which regularly transacts and solicits business and derives revenue from goods and equipment sold, purchased, and used within the Commonwealth of Massachusetts.

5. The defendant, John Doe, Inc., is a duly organized corporation with a usual place of business in a town or city at this time unknown which regularly transacts and solicits business and derives revenue from goods and equipment sold, purchased, and used within the Commonwealth of Massachusetts.

## COUNT I

6. The plaintiff repeats and realleges paragraphs numbers 1 through 5 above and incorporates them herein by reference.

7. On or about July 10, 2007, the plaintiff, Jose M. Braganca, was caused to sustain serious and disabling injuries when his right upper extremity was caught in the mixing auger of a Arcobaleno Pasta Machine which was designed, manufactured, serviced, inspected, sold, distributed, and/or placed into the stream of commerce by defendant, Arcobaleno Pasta Machines, LLC.

8. The injuries sustained by the plaintiff, Jose M. Braganca, were the direct and proximate result of the carelessness and the negligence of the defendant, Arcobaleno Pasta Machines, LLC, as follows:

    a. It was negligent in its design, manufacture, service, inspection, sale, distribution and installation of the subject machine;

    b. It negligently failed to warn, instruct, adequately warn or adequately instruct the plaintiff concerning the dangerous and defective nature and propensities of the machine when it knew or in the exercise of due care should have known that persons such as this plaintiff were ignorant of such in dangerous or defective characteristics;

    c. It negligently disposed of said machine and placed it into the channels of trade and the stream of commerce when the defendant knew or in the exercise of reasonable care should have known that said machine was unreasonably dangerous and defective in nature and design or in a dangerous or defective condition;

    d. It negligently placed said machine into the channels of the trade in a manner which the defendant foresaw or in the exercise of reasonable care should have foreseen would likely carry said machine into contact with persons such as the plaintiff who are ignorant of the unreasonably dangerous and defective nature and characteristics of said machine including the Plaintiff.

9. As a direct and proximate result of the negligence of the defendant, Arcobaleno Pasta Machines, LLC, as herein above set forth, the plaintiff, Jose Braganca, was caused to sustain serious and permanent physical and emotional injury. By reason of said injury, Jose Braganca has been caused to suffer loss of function and mobility, he has been caused to incur expenses for hospital, surgical, and medical treatments, his ability to work and earn an income has been impaired, his activities have been restricted and his ability to lead a normal life has been adversely affected.

Wherefore, the plaintiff, Jose Braganca, requests that judgment enter against the defendant, Arcobaleno Pasta Machines, LLC, in an amount to be determined by a jury during the trial of the action, together with the costs and interest on this action.

## COUNT II

10. The plaintiff, Jose Braganca, herein repeats and again alleges each and every allegation contained with paragraphs 1 through 9 as though specifically rewritten and set forth herein.

11. The defendant, Arcobaleno Pasta Machines, LLC, expressly and impliedly warranted to the general public and to this plaintiff that said machine was safe, merchantable, and fit for the purpose for which it was intended.

12. The defendant, Arcobaleno Pasta Machines, LLC, breached its warranties in that said machine was unsafe, not of merchantable quality, and unfit for the purposes for which it was intended.

13. The plaintiff relied upon the warranties made by the defendant and was caused to suffer severe personal injury as a direct and proximate result of the breaches of said warranty by the defendant.

14. As a direct and proximate result of the breaches of warranty of the defendant, Arcobaleno Pasta Machines, LLC, all as here and above set forth, the plaintiff, Jose Braganca, was caused to sustain serious and permanent physical and emotional injury, suffer permanent loss of function and mobility, he has been caused to incur expenses for hospital, surgical and medical treatments, his ability to work and earn income has been impaired, his activities have been restricted and his ability to lead a normal life has been adversely affected.

Wherefore, the plaintiff, Jose Braganca, requests that judgment enter against the defendant, Arcobaleno Pasta Machines, LLC, in an amount to be determined by a jury during the trial of the action, together with the costs and interest on this action.

## COUNT III

15. The plaintiff repeats and realleges paragraphs numbers 1 through 14 above and incorporates them herein by reference.

16. On or about July 10, 2007, the plaintiff, Jose M. Braganca, was caused to sustain serious and disabling injuries when his right upper extremity was caught in the mixing auger of a Arcobaleno Pasta Machine which was designed, manufactured, serviced, inspected, sold, distributed, and/or placed into the stream of commerce by defendant, Arcobaleno Pasta Machines, Inc.

17. The injuries sustained by the plaintiff, Jose M. Braganca, were the direct and proximate result of the carelessness and the negligence of the defendant, Arcobaleno Pasta Machines, Inc., as follows:

   a. It was negligent in its design, manufacture, service, inspection, sale, distribution and installation of the subject machine;

   b. It negligently failed to warn, instruct, adequately warn or adequately instruct the plaintiff concerning the dangerous and defective nature and propensities of the machine when it knew or in the exercise of due care should have known that persons such as this plaintiff were ignorant of such in dangerous or defective characteristics;

   c. It negligently disposed of said machine and placed it into the channels of trade and the stream of commerce when the defendant knew or in the exercise of reasonable care should have known that said machine was unreasonably dangerous and defective in nature and design or in a dangerous or defective condition;

   d. It negligently placed said machine into the channels of the trade in a manner which the defendant foresaw or in the exercise of reasonable care should have foreseen would likely carry said machine into contact with persons such as the plaintiff who are ignorant of the unreasonably dangerous and defective nature and characteristics of said machine including the Plaintiff.

18. As a direct and proximate result of the negligence of the defendant, Arcobaleno Pasta Machines, Inc., as herein above set forth, the plaintiff, Jose Braganca, was caused to sustain serious and permanent physical and emotional injury. By reason of said injury, Jose Braganca has been caused to suffer loss of function and mobility, he has been caused to incur expenses for hospital, surgical, and medical treatments, his ability to work and earn an income has been impaired, his activities have been restricted and his ability to lead a normal life has been adversely affected.

Wherefore, the plaintiff, Jose Braganca, requests that judgment enter against the defendant, Arcobaleno Pasta Machines, Inc., in an amount to be determined by a jury during the trial of the action, together with the costs and interest on this action.

## COUNT IV

19. The plaintiff repeats and realleges paragraphs numbers 1 through 18 above and incorporates them herein by reference.

20. The defendant, Arcobaleno Pasta Machines, Inc., expressly and impliedly warranted to the general public and to this plaintiff that said machine was safe, merchantable, and fit for the purpose for which it was intended.

21. The defendant, Arcobaleno Pasta Machines, Inc., breached its warranties in that said machine was unsafe, not of merchantable quality, and unfit for the purposes for which it was intended.

22. The plaintiff relied upon the warranties made by the defendant and was caused to suffer severe personal injury as a direct and proximate result of the breaches of said warranty by the defendant.

23. As a direct and proximate result of the breaches of warranty of the defendant, Arcobaleno Pasta Machines, Inc., all as here and above set forth, the plaintiff, Jose Braganca, was caused to sustain serious and permanent physical and emotional injury, suffer permanent loss of function and mobility, he has been caused to incur expenses for hospital, surgical and medical treatments, his ability to work and earn income has been impaired, his activities have been restricted and his ability to lead a normal life has been adversely affected.

Wherefore, the plaintiff, Jose Braganca, requests that judgment against the defendant, Arcobaleno Pasta Machines, Inc., in an amount to be determined by a jury during the trial of the action, together with the costs and interest on this action.

## COUNT V

24. The plaintiff repeats and realleges paragraphs numbers 1 through 23 above and incorporates them herein by reference.

25. On or about July 10, 2007, the plaintiff, Jose M. Braganca, was caused to sustain serious and disabling injuries when his right upper extremity was caught in the mixing auger of a Pasta Machine which was designed, manufactured, serviced, inspected, sold, distributed, and/or placed into the stream of commerce by defendant, Dominioni Punto & Pasta Sas.

26. The injuries sustained by the plaintiff, Jose M. Braganca, were the direct and proximate result of the carelessness and the negligence of the defendant, Dominioni Ponot and Pasta S. & S as follows:

    a. It was negligent in its design, manufacture, service, inspection, sale, distribution and installation of the subject machine;

    b. It negligently failed to warn, instruct, adequately warn or adequately instruct the plaintiff concerning the dangerous and defective nature and propensities of the machine when it knew or in the exercise of due care should have known that persons such as this plaintiff were ignorant of such in dangerous or defective characteristics;

  c. It negligently disposed of said machine and placed it into the channels of trade and the stream of commerce when the defendant knew or in the exercise of reasonable care should have known that said machine was unreasonably dangerous and defective in nature and design or in a dangerous or defective condition;

  d. It negligently placed said machine into the channels of the trade in a manner which the defendant foresaw or in the exercise of reasonable care should have foreseen would likely carry said machine into contact with persons such as the plaintiff who are ignorant of the unreasonably dangerous and defective nature and characteristics of said machine including the Plaintiff.

27. As a direct and proximate result of the negligence of the defendant, Dominioni Ponot and Pasta S. & S, as herein above set forth, the plaintiff, Jose Braganca, was caused to sustain serious and permanent physical and emotional injury. By reason of said injury, Jose Braganca has been caused to suffer loss of function and mobility, he has been caused to incur expenses for hospital, surgical, and medical treatments, his ability to work and earn an income has been impaired, his activities have been restricted and his ability to lead a normal life has been adversely affected.

Wherefore, the plaintiff, Jose Braganca, requests that judgment enter against the defendant, Dominioni Punto & Pasta Sas, in an amount to be determined by a jury during the trial of the action, together with the costs and interest on this action.

## COUNT VI

28. The plaintiff repeats and realleges paragraphs numbers 1 through 27 above and incorporates them herein by reference.

29. The defendant, Dominioni Punto & Pasta Sas, expressly and impliedly warranted to the general public and to this plaintiff that said machine was safe, merchantable, and fit for the purpose for which it was intended.

30. The defendant, Dominioni Ponot and Pasta S. & S, breached its warranties in that said machine was unsafe, not of merchantable quality, and unfit for the purposes for which it was intended.

31. The plaintiff relied upon the warranties made by the defendant and was caused to suffer severe personal injury as a direct and proximate result of the breaches of said warranty by the defendant.

32. As a direct and proximate result of the breaches of warranty of the defendant, Dominioni Ponot and Pasta S. & S, all as here and above set forth, the plaintiff, Jose Braganca, was caused to sustain serious and permanent physical and emotional injury, suffer permanent loss of function and mobility, he has been caused to incur expenses for hospital, surgical and medical treatments, his ability to work and earn income has been impaired, his activities have been restricted and his ability to lead a normal life has been adversely affected.

Wherefore, the plaintiff, Jose Braganca, requests that judgment enter against the defendant, Punto & Pasta Sas, in an amount to be determined by a jury during the trial of the action, together with the costs and interest on this action

## COUNT VII

33. The plaintiff repeats and realleges paragraphs numbers 1 through 32 and incorporates them herein by reference.

34. On or about July 10, 2007, the plaintiff, Jose M. Braganca, was caused to sustain serious and disabling injuries when his right upper extremity was caught in the mixing auger of a pasta machine which was designed, manufactured, serviced, inspected, sold, distributed, and/or placed into the stream of commerce by defendant, John Doe, Inc.

35. The injuries sustained by the plaintiff, Jose M. Braganca, were the direct and proximate result of the carelessness and the negligence of the defendant, John Doe, Inc., as follows:

   a. It was negligent in its design, manufacture, service, inspection, sale, distribution and installation of the subject machine;

   b. It negligently failed to warn, instruct, adequately warn or adequately instruct the plaintiff concerning the dangerous and defective nature and propensities of the machine when it knew or in the exercise of due care should have known that persons such as this plaintiff were ignorant of such in dangerous or defective characteristics;

   c. It negligently disposed of said machine and placed it into the channels of trade and the stream of commerce when the defendant knew or in the exercise of reasonable care should have known that said machine was unreasonably dangerous and defective in nature and design or in a dangerous or defective condition;

   d. It negligently placed said machine into the channels of the trade in a manner which the defendant foresaw or in the exercise of reasonable care should have foreseen would likely carry said machine into contact with persons such as the plaintiff who are ignorant of the unreasonably

dangerous and defective nature and characteristics of said machine including the Plaintiff.

36. As a direct and proximate result of the negligence of the defendant, John Doe, Inc., as herein above set forth, the plaintiff, Jose Braganca, was caused to sustain serious and permanent physical and emotional injury. By reason of said injury, Jose Braganca has been caused to suffer loss of function and mobility, he has been caused to incur expenses for hospital, surgical, and medical treatments, his ability to work and earn an income has been impaired, his activities have been restricted and his ability to lead a normal life has been adversely affected.

Wherefore, the plaintiff, Jose Braganca, requests that judgment enter against the defendant, John Doe, Inc., in an amount to be determined by a jury during the trial of the action, together with the costs and interest on this action.

## COUNT VIII

37. The plaintiff repeats and realleges paragraphs numbers 1 through 36 above and incorporates them herein by reference.

38. The defendant, John Doe, Inc., expressly and impliedly warranted to the general public and to this plaintiff in that said machine was safe, merchantable, and fit for the purpose for which it was intended.

39. The defendant, John Doe, Inc., breached its warranties in that said machine was unsafe, not of merchantable quality, and unfit for the purposes for which it was intended.

40. The plaintiff relied upon the warranties made by the defendant and was caused to suffer severe personal injury as a direct and proximate result of the breaches of said warranty by the defendant.

41. As a direct and proximate result of the breaches of warranty of the defendant, John Doe, Inc., all as here and above set forth, the plaintiff, Jose Braganca, was caused to sustain serious and permanent physical and emotional injury, suffer permanent loss of function and mobility, he has been caused to incur expenses for hospital, surgical and medical treatments, his ability to work and earn income has been impaired, his activities have been restricted and his ability to lead a normal life has been adversely affected.

Wherefore, the plaintiff, Jose Braganca, requests that judgment enter against the defendant, John Doe, Inc., in an amount to be determined by a jury during the trial of the action, together with the costs and interest on this action.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

        JOSE M. BRAGANCA,
        By his Attorney,

        John C. Manoog III, Esquire
        Law Offices of John C. Manoog, III
        450 South Street
        Hyannis, MA 02601
        (508) 775-0088
        BBO # 567481

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF | BARNSTABLE | DOCKET NO. |
|---|---|---|---|
| PLAINTIFF(S) JOSE BRAGANCA | | DEFENDANT(S) ARCOBALENO PASTA MACHINES, LLC, ET AL | |

Type Plaintiff's Attorney name, Address, City/State/Zip
Phone Number and BBO#

Type Defendant's Attorney Name, Address, City/State/Zip
Phone Number (If Known)

John C. Manoog III (508) 775-0088
The Law Offices of John C. Manoog III
450 South Street, Hyannis, MA 02601
BBO# 567481

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.   TYPE OF ACTION (specify)   TRACK              IS THIS A JURY CASE?

A99 Other (specify ) - Fast Track                         [X] Yes  [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                                $209,047.00
   2. Total doctor expenses                                  $18,409.00
   3. Total chiropractic expenses                            $
   4. Total physical therapy expenses                        $
   5. Total other expenses (describe)                        $2,819.20
                                                  Subtotal   $230,275.20
B. Documented lost wages and compensation to date            $82,403.76
C. Documented property damages to date                       $
D. Reasonably anticipated future medical expenses            $ unknown
E. Reasonably anticipated lost wages and compensation to date $ unknown
F. Other documented items of damages (describe)              $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                  Total $312,678.96

## CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                  TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    Date: May 21, 2010
A.O.S.C. 3-2007

**CERTIFICATE OF SERVICE**

    I, Laura G. Ryan, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 11, 2010.

                                                        /s/ Laura G. Ryan